UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TE Connectivity Networks, Inc.,

        Plaintiff,

  v.

All Systems Broadband, Inc.,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 13-1356 ADM/FLN

_____

Randall E. Kahnke, Esq., and Matthew B. Kilby, Esq., Faegre Baker Daniels, LLP, Minneapolis, MN, on behalf of Plaintiff.

Lewis A. Remele, Jr., Esq., Frederick E. Finch, Esq., Jan M. Gunderson, Esq., Jonathan C. Marquet, Esq., and Pamela D. Steinle, Esq., Bassford Remele, PA, on behalf of Defendant.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant All Systems Broadband, Inc.'s ("ASB") Motion to Stay Discovery [Docket No. 16]. Plaintiff TE Connectivity Networks, Inc. ("TE") opposes the motion. For the reasons stated herein, ASB's motion is denied.

## II. BACKGROUND

TE, a Shakopee, Minnesota, based company, develops and sells "fiber connectivity products" used in the telecommunications industry. Compl. [Docket No. 1] ¶¶ 1, 3. TE distributed some of its products through TriNet Communications ("TriNet"). Id. ¶ 8. In 2005, several executives left TriNet to form ASB, a Livermore, California, based company. Id. ¶¶ 4, 9. At first, ASB did not compete with TE. However, TE alleges ASB eventually hired several former TE employees who possessed trade secrets and/or confidential or proprietary information about TE's products and sales. Several of these employees were bound by confidentiality and

non-competition agreements with TE. Id. ¶¶ 26-28. From these employees, TE alleges ASB misappropriated trade secrets and proprietary or confidential information, which it used to develop and market competing products. Id. ¶¶ 54-83. On June 5, 2013, TE filed the Complaint in suit against ASB. See generally id.

On June 19, 2013, TE agreed to extend ASB's time to respond to the Complaint until July 29, 2013. In an effort to avoid discovery delays, TE requested, and ASB agreed, to hold an early Rule 26(f) conference on the same date. See Stip., June 21, 2013 [Docket No. 6]. Accordingly, Magistrate Judge Franklin Noel entered an order reflecting these agreements. Order, June 24, 2013 [Docket No. 7].

On July 29, 2013, ASB informed TE that it intended to move to dismiss the Complaint, and requested TE stipulate to a stay of discovery pending the motion's resolution. TE agreed to extend ASB's time to respond for an additional week—until August 5, 2013—while TE considered its position. See Stip., July 29, 2013 [Docket No. 8]. Judge Noel again reflected the agreement in an order. Order, Aug. 5, 2013 [Docket No. 9].

On August 2, 2013, TE informed ASB that it would oppose the motion to dismiss, and that TE intended to proceed with discovery while the motion was pending. Def.'s Mem. Supp. Stay [Docket No. 19] 2. On August 5, 2013, ASB simultaneously moved to dismiss the Complaint and stay discovery pending resolution of its motion to dismiss [Docket Nos. 12, 16].[1]

---

[1] In a letter dated August 13, 2013, counsel for ASB requested that, in the event the Court proceeded without oral argument on the motion to stay, ASB receive permission to file a reply brief. See D. Minn. L.R. 7.1.(b)(3). As indicated below, a reply brief in this matter would be unnecessary given the issues raised by the parties. Given the Court's discretion in this matter, the request is denied.

2

## III. DISCUSSION

Under Rule 26(c) of the Federal Rules of Civil Procedure, a party may move the court for a protective order staying discovery. A court may only issue such an order, however, upon the movant's showing of good cause, including to avoid undue burden or expense. Id.

ASB argues courts have routinely stayed discovery pending the resolution of a motion to dismiss, particularly where a plaintiff may have filed a lawsuit first and then sought discovery as an after-the-fact attempt to assemble a viable claim. See In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig., No. 08-1905, 2009 WL 294353, at *2 (D. Minn. Feb. 5, 2009) ("A plaintiff must adequately plead a claim before obtaining discovery, not the other way around."), aff'd, 623 F.3d 1200 (8th Cir. 2010). In this case, ASB argues it has filed a well-founded motion to dismiss. Def.'s Mem. Supp. Stay at 4. If the Court grants the motion, the need for discovery will become moot. Id. Implicit in this argument is the contention that TE's lawsuit is without merit, and staying discovery will save the parties the time and expense of unnecessary discovery.

TE responds that staying discovery pending the resolution of a motion to dismiss is unusual and far from routine. In general, TE argues, a Rule 12(b)(6) motion should not lead to a stay of discovery, as saving the time and expense of normal litigation costs is not "good cause" under Rule 26(c), and ASB has not identified any particular basis otherwise justifying a stay. TE further argues that ASB's cited decisions do not stand for the proposition that courts may generally stay discovery pending the resolution of dispositive motions. In circumstances where courts have stayed discovery pending the resolution of a motion, they have done so for specific, somewhat unique, reasons. See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 321 (2007) (observing the Private Securities Litigation Reform Act specifically authorizes a stay

3

of discovery pending resolution of any motion to dismiss); see also Lovelace v. Delo, 47 F.3d 286, 287 (8th Cir. 1995) (holding a stay of discovery may be appropriate while resolving entitlement to qualified immunity, as such immunity exists to protect government from litigation).

ASB is correct that a court may stay discovery for good cause shown. However, "it, of course, is black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay." Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006); see also Ministerio Roca Solida v. U.S. Dept. of Fish & Wildlife, 288 F.R.D. 500, 502 (D. Nev. 2013) ("[T]o establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion.").

Federal courts have considered various factors in determining whether a stay is appropriate in a particular case. Among other things, district courts have taken a "peek" at the merits of the pending dispositive motion, considered the breadth of pending discovery, and balanced the harm produced by delaying discovery against the possibility that the entire matter will be resolved by the motion. See Anti-Monopoly, Inc. v. Hasbro, Inc., No. 94Civ.2120, 1996 WL 101277, at *2-3 (S.D.N.Y. Mar. 7, 1996); Mlejnecky v. Olympus Imaging Am., Inc., No. 2:10-cv-02630, 2011 WL 489743, at *7-8 (E.D. Cal. Feb. 7, 2011); Feldman v. Flood, 176 F.R.D. 651, 653 (M.D. Fla. 1997). Generally, the determination is practical, and largely left to the district court's discretion. Where a complaint is clearly without merit, or where a motion to dismiss otherwise seems likely to resolve the entire litigation, a stay of discovery may be appropriate.

With these considerations in mind, a stay of discovery is not warranted in this case. Although the Court does not rule on the merits of the Complaint, it does not appear the Complaint is facially frivolous or clearly without merit. And, although ASB has filed a potentially viable motion to dismiss, it has not demonstrated any specific good cause warranting a stay. This case does not involve a statute or doctrine of law which requires the resolution of motions to dismiss before discovery begins. See Tellabs, 551 U.S. at 321; Lovelace, 47 F.3d at 287. Nor has ASB indicated any particular facts or circumstances that make responding to discovery in this case unusually burdensome or prejudicial beyond the usual case of this nature. Without good cause based in either law or fact, the motion to stay will be denied. The Court will endeavor to issue a timely ruling on ASB's motion to dismiss once the parties have completed their arguments. In the meantime, discovery may proceed.

### IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Stay Discovery [Docket No. 16] is **DENIED**; and
2. The parties shall meet and confer in accordance with Rule 26(f) of the Federal Rules of Civil Procedure within one week of the date that this Order is filed.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 20, 2013.